IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC ODOM, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ESCAMBIA COUNTY, AL., )<br>)<br>Respondent. ) | CIVIL ACTION NO. 25-0341-KD-MU |

**REPORT AND RECOMMENDATION**

Petitioner Eric Odom, an inmate at the Escambia County Jail proceeding *pro se*, submitted a handwritten "Motion to File False Charges Wrongful Imprisonment Harassment Malicious Prosecution" which, based upon the allegations therein and the relief requested, the Court has interpreted as a habeas petition. (*See* Docs. 1, 3, and 4). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action. (Doc. 1). Because Petitioner has failed to pay the filing fee or a motion to proceed without prepayment of fees and has failed to resubmit his action on this Court's form as ordered by the Court and to comply with the Court's Order dated August 21, 2025 (Doc. 3), it is recommended that this action be dismissed without prejudice.

Petitioner did not pay the required $5.00 filing fee or file a motion to proceed without the prepayment of fees at the time he filed his petition. Accordingly, Petitioner was ordered to pay the required filing fee or file a motion to proceed without prepayment of fees by September 22, 2025. (Doc. 3). Petitioner also failed to file his petition on this Court's form; therefore, he was provided with the Court's

form and ordered to complete and file it by September 22, 2025. Petitioner was advised that failure to comply with the Court's Order and pay the filing fee or file a motion to proceed without prepayment of fees and/or failure to resubmit his action on this Court's form on or before September 22, 2025, would result in a recommendation that his case be dismissed without prejudice for failure to prosecute and failure to comply with the Court's order. (Doc. 3 at pp. 2-3). Petitioner has not complied with that Order as he has not paid his $5.00 filing fee or filed an IFP motion, nor has he resubmitted his petition on this court's form. (*See* Docket Sheet).

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 629-630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quotation marks and citation omitted)); a*ccord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

2

Because Petitioner has failed to comply with the Court's Order as set forth above, upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link,* 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see also Freeze v. Sec'y, Dep't of Child. & Fams.*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  To be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **October, 2025**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE**